**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:15-CV-309-DCK**

| | |
|---|---|
| GENGER POOLE, as Administrator of the Estate of William Dean Poole,<br><br>      Plaintiff,<br><br>v.<br><br>GASTON COUNTY; SERGEANT J.E. KNUPP, In his individual and official capacity; SERGEANT W.P. DOWNEY, In his individual and official capacity; OFFICER T.R. EARL, In his individual and official capacity; and OFFICER A.O. HOLDER, In his individual and official capacity,<br><br>      Defendants, | <br><br><br><br>**CONSENT PROTECTIVE ORDER** |

**THIS MATTER COMING ON BY CONSENT OF THE PARTIES**, by respective counsel, hereby stipulate to the entry of this Protective Order to govern the treatment of materials produced in this litigation in accordance with the provisions and objectives of Fed. R. Civ. P. 26.

Therefore, it appearing that the following Protective Order has been consented to by counsel for Plaintiff and by counsel for Defendants Gaston County; W.P. Downey, officially and individually; and J.E. Knupp, T.R. Earl, and A.O. Holder, in their individual capacities.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    The Producing Party shall designate the items subject to this Protective Order as "CONFIDENTIAL" and mark such documents accordingly.

2.      The term "CONFIDENTIAL" means any information, whether oral or in documentary, electronic, or other tangible form, that is of the type protectable under Fed. R. Civ. P. 26 and case law construing same.

3.      The documents or materials to be provided by  any of the identified Defendants to Plaintiff, and designated by Defendants as subject to this Protective Order (hereinafter "confidential information" may be disclosed only to Plaintiff's attorneys and those persons employed by Plaintiff's attorneys who are working on the above-captioned case (hereinafter called" litigation team").

4.      Counsel for the identified defendants shall have reasonable time to obtain, review, compile, redact, and designate materials which are potentially confidential or otherwise potentially subject to this Protective Agreement.

5.      If Plaintiff's litigation team deems it necessary for the preparation of the trial of this case to consult with independent experts, they may disclose such confidential information to the experts, provided that such independent experts agree not to discuss or permit to be disclosed such confidential information to any person other than those members of Plaintiff's litigation team.

6.      The confidential information may be used for no purpose other than preparation for this litigation.

7.      The documents shall be maintained at the law offices of Plaintiff's counsel. Plaintiff's counsel may provide copies of the documents to members of Plaintiff's experts who agree to the terms set forth in Paragraph 5.

8.      If copies of confidential information are filed with the Court, or recited in any documents, including depositions, filed with the Court, said confidential information is to be submitted under seal.

9.      Whenever confidential information is to be discussed or disclosed in a deposition: (a) any person who will produce or disclose such information may require the exclusion from the room of any person who is not entitled to receive the confidential information; and (b) any party questioning a witness and basing questions upon confidential information must first exclude from the room any person who is not entitled to receive such confidential information. All depositions containing or referring to confidential information shall be confidential.

10.     Upon the conclusion of this litigation, the originals and all copies of the confidential information shall be destroyed with notification sent to Defendants' counsel. All information protected by this Protective Order shall be erased from any computer data bank, and any written compilation or lists of such confidential information or abstracts or summaries shall be destroyed.

11.     It is the intent of the parties, through counsel, to provide as much documentation as available. In so doing, the materials are being or have been produced on computer discs. As such, the discs are marked as being provided pursuant to this Protective Order, although some materials contained therein may not be confidential. The Court recognizes the overly burdensome task and cost to mark each item, whether document, file or photographic or video material, as confidential should not be borne by either party at this stage, and the terms of this Protective Order apply, despite no markings other than on the discs. It is understood that there has been appropriate efforts in reproducing voluminous materials herein, should any materials contained in the discs or materials disclosed to Plaintiff's counsel include materials that are attorney-client communications or attorney work-product, such is deemed inadvertent without waiving the attorney-client privilege, and upon discovery, Plaintiff's counsel shall notify Defendants' counsel and shall dispose of and not otherwise utilize any attorney-client privileged materials.

12.     The inadvertent or unintentional disclosure, exchange, or production of Confidential information shall not constitute a waiver, in whole or in part, of the protections afforded such documents. Any document not initially designated as Confidential, but which contains protected information may be so designated at a later time, by advising all parties in writing. In such event, all parties and their counsel that received the Confidential information shall make reasonable efforts to obtain from each person and entity to whom the party or counsel has disclosed the Confidential information and to whom the provisions of this Order, if any, an executed written Undertaking, as set forth in this Order. Further, to the extent any such individual is not entitled to receive or view the Confidential information, the party shall make reasonable efforts to direct such person or entity to return immediately the originals and all copies of the protected information to counsel for the disclosing party.

13.     Upon notice, any party may move the Court to remove or change the designation of protected material. Until the motion for removal or modification of the designation is ruled upon by the Court, the information shall continue to be accorded full protection by this Order.

14.     The agreement of the parties and this Order does not waive the parties' right to object to the production, relevancy, or admissibility of documents based on any applicable rule, foreign rule or directive, or case law interpreting the same.

15.     Shawvinik Juwaun Seegars, counsel for Plaintiff, has agreed to accept service of all pleadings by electronic means until such time he gains ECF filing approval.

IT IS SO ORDERED.

Signed: October 25, 2016

David C. Keesler
United States Magistrate Judge

CONSENTED TO:

**s/Charles A. Everage**
*Attorney for Plaintiff*
N.C. State Bar # 28267
Hunter & Everage
1800 Camden Rd., Suite 104
Charlotte, NC 28203
704-377-9157
cae@hunter-everage.com

**s/Shawvinik Juwaun Seegars**
*Attorney for Plaintiff*
N.C. State Bar # 45519
Seegars & Townsend, PLLC
345 North College Street, Suite 408
Charlotte, NC 28202
704-561-1750
js.stlaw@gmail.com

CONSENTED TO:

**s/Martha Raymond Thompson**
N.C. State Bar # 16020
**Ryan L. Bostic**
N.C. State Bar # 44982
*Attorneys for Defendants*
STOTT HOLLOWELL PALMER & WINDHAM, LLP
401 E. Franklin Boulevard
Post Office Box 995
Gastonia, NC 28053-0995
Telephone:     704-864-3425
Fax:             704-864-0478
Email: mthompson@shpw.com/rbostic@shpw.com